OGLE ET AL., APPELLANTS, *v.* TOWN OF RONAN ET AL., RE-
SPONDENTS.

(No. 8,195.)

(Submitted June 12, 1941.   Decided September 26, 1941.)

[117 Pac. (2d) 257.]

*Mr. F. N. Hamman,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Lloyd I. Wallace* and *Mr. John P. Swee,* for Respondents, submitted a brief; *Mr. Wallace* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment of the district court of Lake county for the defendants dismissing plaintiffs' complaint, seeking to restrain the defendant city from spreading or collecting municipal taxes on the land of the plaintiffs, and for costs.

The facts are that plaintiffs are the owners of a forty-acre tract included in the town of Ronan. The forty acres in question in 1905 were allotted to one Ralph Dupuis, a minor Indian ward, the title being held in trust for him until January 20, 1928, when a fee simple patent was issued to him. In February, 1912, the town of Ronan was regularly incorporated, and the forty in question were included in it. The plat was filed in Missoula county, and in April, 1937, was filed in Lake county. On October 7, 1929, the tract was conveyed by Dupuis to one of the plaintiffs Ogle, who subsequently conveyed a part of it to the other plaintiffs. Much of the testimony is to the effect that the tract was not taxed for city purposes or in any way treated as being within the town until shortly before this action was commenced.

From the briefs and oral argument it seems agreed, and it is clear, that the determination of this cause rests solely on the correctness of the trial court's finding that: ''No sufficient proof is offered to be able to find whether consent to the inclusion in the town boundaries was or was not given by the Federal Government or parents of the Indian minor [Dupuis].''

Appellants rely upon section 8 of Article I, and section 3 of Article IV of the federal Constitution and upon the Organic Act of the Territory of Montana, the latter of which provides:·

"That nothing in this Act contained shall be construed to impair the rights of person or property now pertaining to the Indians in said territory so long as such rights remain unextinguished by treaty between the United States and such Indians, or to include any territory which, by treaty with any Indian tribes, is not, without the consent of said tribe, to be included within the territorial limits or jurisdiction of any state or territory; but all such territory shall be excepted out of the boundaries, and constitute no part of the territory of Montana, until said tribe shall signify their assent to the president of the United States to be included within said territory, or to affect the authority of the government of the United States to make any regulations respecting such Indians, their lands, property, or other rights, by treaty, law, or otherwise, which it would have been competent for the government to make if this act had never passed."

And also upon the language of the Enabling Act of this state found in section 4 of that Act, under which the people of the Territory disclaim any right and title to the unappropriated public lands and all lands lying in or on any Indian Reservation, until the title shall be extinguished by the United States and the Government shall have exclusive jurisdiction thereon.

Granting that consent to the inclusion of the lands of an ■ Indian ward in the boundaries of a municipality is necessary, the rule is that if the corporate charter of the municipality is regular on its face and shows compliance with the statutes under which the proceedings are had "every presumption is indulged in favor of the regularity of the proceedings." (43 C. J. 96.) "The record need not contain matters not required by the particular statute [under which the proceedings are taken]." Id. Sections 3206 et seq. of the Revised Codes of Montana 1907 were in effect at the time the town of Ronan was incorporated and neither those sections nor any later enactment

required the record of incorporation to show affirmatively the matter of the consent required in a fact situation such as this. It is to be presumed that all requirements of the statutes were followed in the proceedings leading to incorporation, and especially under our section 10606, subdivision 15, Revised Codes of 1935, which provides that it is presumed "that official duty has been regularly performed." (See, also, 1 McQuillin on Municipal Corporations, 2d ed., p. 510, and vol. 2, p. 256.)

Plaintiffs cannot prevail if the record does not show affirmatively that the necessary consent by the United States was not had, and it is presumed under the foregoing rules that if a consent were necessary, it was secured. The only testimony offered to prove that no consent was ever given by the United States to the inclusion of this tract in the town was that of an employee of the local Indian agency who was a clerk in the office of the superintendent. When asked if he was familiar with the records in that office he replied: "Yes, sir, somewhat." He testified that there was a file in the office covering Dupuis and that he could find nothing in it to indicate that any consent had been given. He testified further that the file only went to 1928, as in that year Dupuis received his patent and the record showed nothing of his affairs from that date. He testified that if a form of consent had been executed, the original would have been delivered to those incorporating the town, but that "there should be a copy in the files." The witness had worked at the agency only two years, did not know Dupuis and testified only as to what the files showed. All of this testimony was objected to and in the court's finding it sustained the objection. This ruling was not error, as the testimony did not in any way prove lack of the necessary consent. This being the only testimony affirmatively to show lack of consent by the United States to the inclusion of this tract in the town, the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.